# BLANKENSHIP *v.* COWLING.*

### CONTRACTS; ATTORNEY AND CLIENT.

In an action by attorneys to recover the value of their services, in which they claimed that the defendant had refused to advance the costs of a suit which they had agreed to prosecute for a contingent fee; while the defendant claimed that he had so agreed only on condition the plaintiffs could show that his debtor had property out of which a judgment could be satisfied, and they had not so shown, a judgment on verdict for the defendant was *affirmed,* where the trial court instructed the jury that the duty of the defendant to advance the necessary costs was dependent upon a showing by the plaintiffs that the debtor had property which might have been subjected to the satisfaction of a judgment.

No. 1783. Submitted February 6, 1908. Decided March 3, 1908.

HEARING on an appeal by the plaintiffs from a judgment of the Supreme Court of the District of Columbia, on verdict, in an action by attorneys to recover the value of professional services.        *Affirmed.*

The facts are stated in the opinion.

*Mr. E. W. R. Ewing* for the appellants; *Mr. Lloyd T. Everett,* one of the appellants, also appearing in proper person.

*Mr. C. H. Merillat* for the appellee.

---

*The duty of an attorney to pay or secure costs in an action which he takes on a contingent fee is discussed in a case note to *Stevens* v. *Sheriff,* 11 L.R.A.(N.S.) 1153.

Mr. Chief Justice SHEPARD delivered the opinion of the
Court:

The record does not show how this case, evidently begun in
the court of a justice of the peace, was taken before the supreme
court of the District, from whose judgment this appeal has been
prosecuted. There are no pleadings, but the record shows an
affidavit made by Lloyd T. Everett that was filed in the justice's
court on August 30, 1906. In this affidavit appears an account
by said Everett and George W. Blankenship against defendant,
Edward O. Cowling, for $50 on account of professional services
performed for defendant "under contract of June 8, 1906, in
the matter of the prosecution and collection of a claim for $241
against Eugene A. Atchison, and damages for breach of said con-
tract."

On the trial in the supreme court Lloyd T. Everett testified
that he and George W. Blankenship were practicing lawyers.
That shortly before June 8, 1906, defendant Cowling placed in
their hands a claim against Eugene A. Atchison for $241 for
labor and materials furnished said Atchison in the construction
of a building, and desired to have a mechanics' lien established.
For this service he paid a fee of $5. That there was some discus-
sion whether the notice of lien should be followed by other pro-
ceedings, but nothing was agreed upon. That after filing the lien
he told defendant that in order to get the money it might be
necessary to obtain a judgment before a justice of the peace, and
have the same docketed in the upper court, and a creditors' bill
filed thereon, as it seemed that Atchison had two lots out
of which the money might be made. That after several conversa-
tions it was agreed that Everett should bring suit in the justice's
court. That suit was brought and judgment recovered. That
defendant had given him $1.60 to pay costs. That thereafter
Everett called on defendant for $12 or $15 to be used in paying
costs of $1 in the mechanics' lien matter and docketing the
judgment in the higher court, but defendant refused to pay the
same. That later he notified defendant he would hold him on
his original contract, and sent him a bill for $60.25. That later

he again asked for the $12 or $15, which was again refused, and suit was brought in the justice's court on a *quantum meruit,* without waiving his right on the contract.   The alleged contract was read in evidence.   It reads:

June 8, 1906.

Mr. Edward O. Cowling.

I hereby agree to conduct your suit against Eugene A. Atchison for $241 on a contingent basis of 25% of the amount recovered (this, of course, in addition to the $10 charged you and Eisinger and Wilson for filing notice of mechanic's lien, looking up records, etc.)

No signature appears to this communication.   On cross-examination he testified that the $12 or $15 asked for was to be used as follows:   $2 for cost of execution and costs of justice's court; $1 still due for costs in filing lien; and the balance to be used in taking judgment above.   He denied that he told defendant that part of it was for costs and the remainder for legal services.   That at the time he did not know that the cost of docketing in the higher court was $5.   He thought it was $10.   He also denied that he told defendant he would not have to furnish any more costs until he showed defendant that Atchison had unencumbered lands out of which defendant would be sure to realize his judgment.   That he told defendant that it looked to him that Atchison had two unencumbered lots.

A witness for the plaintiffs (one Uphoff), who heard a part of the conversation between defendant and Everett, testified that Cowling did not seem disposed to go ahead, and seemed timid about advancing any more money; but witness told Everett "to go ahead against the two unencumbered lots mentioned, and he would come out all right."   That there was some talk about the two lots.   That the first person who spoke of them was defendant, who said that the lots were unencumbered.   Evidence was offered tending to show that the services performed by plaintiffs in the matter of the litigation in the justice's court were reasonably worth $25.

Defendant offered evidence tending to show that he had employed Everett to file the mechanics' lien, and paid him therefor, taking his receipt, and owed him nothing on that account. Defendant testified that there was some talk, after notice of lien filed, as to necessity of obtaining a judgment in justice's court, and taking other proceedings. That he refused to take any other proceedings or to spend any more money in the matter. That Everett told him he thought he could show him unencumbered property of Atchison, and thought two lots adjoining his house were in that condition. That witness, after advancing $1.60 for costs in justice's court, would do nothing more until Everett was able to show him unencumbered property out of which he could get his money back. He was willing to have the judgment docketed if he could be shown such property out of which he could make his judgment before [being] asked for anything. He denied saying that he knew of such unencumbered property of Atchison. The witness who testified thereto (Uphoff) had said that the money might be made out of three lots because they were unimproved; but defendant refused to pay other than the $1.60 costs in justice's court until assured nothing would be asked of him,—until Everett showed him clear and unencumbered property in Atchison. That on this assurance he had entered into an agreement and advanced the $1.60 to obtain the judgment in the justice's court. That after judgment had been obtained Everett wanted $12 or $15 to go ahead with the case. As Everett had never shown him that Atchison had unencumbered property, he refused to advance the money called for. That Everett told him he wanted the money in part for costs and to get a fee out of it. That he told him there was to be no fee until the money was collected, and also of his agreement that he was to be asked for no more money until shown unencumbered property of Atchison. That Everett said: "Well, you will get a nice little bill from us." That he told him thereupon he owed him nothing. That, later, Everett called and wanted $12 for costs and fees, and defendant repeated what he had said before as to the understanding. That Everett said part of it was for fees. On cross-examination he was asked how he expected Everett to

show him unencumbered property, and said that he simply expected a statement from Everett that he knew the property was unencumbered; that Everett had never made such a statement, but simply that he thought so.

A witness for defendant testified that he was present when Everett called to get $12 or $13, and heard him say it was for costs and for a small fee. Everett, in rebuttal, denied any agreement other than that in writing, and said that it was not made with reference to the two lots; and that he had not agreed to show an unencumbered title in Atchison.

The court refused seven special instructions asked by the plaintiff, and gave one to the effect that, as between counsel and client, it is the duty of the client to pay such court fees as are necessary to the proper prosecution and maturing of his case, and that the attorney may properly demand of his client that he pay such costs and supply adequate funds for the prosecution of his case, and that failure or refusal by the client to furnish such costs and funds is sufficient ground to justify the attorney in abandoning the case. The general charge of the court defined the law in application to the facts, informing the jury that it was the duty of the defendant to advance the costs for maintaining the action, unless there was a further agreement that the defendant should not advance costs for the purpose until shown that there was unencumbered property out of which the money could be made, and that the burden was on the defendant to show such agreement. They were further charged that plaintiff was not entitled to demand any money for fees, under the agreement, until the money was realized on the claim.

The contract consists of the proposition to collect the defendant's demand against Atchison for a fee of 25 per cent, contingent upon collection. It does not appear that the proposition made in writing had been signed by Everett, or accepted in writing by the defendant; but it is evident that it represents the general understanding of the parties to that extent. It is upon the claim of its breach by the defendant, through failure to advance money for costs, that the action for the value of

the plaintiffs' services rests. If to be regarded as a reduction of the original contract to writing when suit was authorized in the justice's court, it does not purport to embrace all litigation that might follow the recovery of judgment before the justice of the peace.

Defendant's testimony tending to show the later agreement relating to a creditor's bill to enforce the judgment was not objected to as in contradiction of the written agreement of the parties, if such it was; and the court did not err in submitting it to the jury as a part of the case.

The special instruction in respect of the duty of defendant to advance proper costs was given as requested by the plaintiffs, and the jury were charged also that the burden of establishing the fact that advancement of costs for litigation in the superior court was dependent upon the showing by plaintiffs that the judgment debtor had property which could be subjected thereto was upon the defendant. There was no attempt on the part of the plaintiffs to show that there was such property, or that the judgment could probably have been enforced through such further proceedings.

Having defined the legal obligation of the contract to advance necessary costs, and the circumstances under which an attorney whose fee is dependent upon collection may treat the contract as at an end, and demand the value of his services to the time of its breach, the question of fact as to the agreement concerning the advancement of costs for further proceedings was properly left to the jury.

It is unnecessary to consume time with the statement and discussion of the several instructions asked by the defendant, which the court refused. Such of these as contained correct statements of the law were covered in the general charge, which stated the case fully and fairly to the jury.

Finding no reversible error committed in the trial of the case, the judgment will be affirmed with costs.          *Affirmed.*